NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRYANT D. TAYLOR,<br><br>    Plaintiff<br><br> v.<br><br>MATTHEW LEITH, et al.,<br><br>    Defendants | Civil No. 23-20649 (RMB/EAP)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the civil rights complaint under 42 U.S.C. § 1983 (Docket No. 1) filed by self-represented ("*pro se*") Plaintiff Bryant D. Taylor, a prisoner incarcerated in East Jersey State Prison in Rahway, New Jersey. Plaintiff submitted an application to proceed without prepayment of fees and costs under 28 U.S.C. § 1915(a) ("*in forma pauperis*" or "IFP App.") (Docket No. 1-1), which establishes his financial eligibility to proceed, and his IFP application will be granted. For the reasons discussed below, the complaint may proceed in part.

**I. SCREENING FOR DISMISSAL**

When a person is granted IFP status, courts must review the complaint before service on the defendant(s) and dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

1

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Courts, however, must liberally construe pleadings by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

## II. DISCUSSION

### A. The Complaint

Plaintiff alleges the following facts in his complaint, which the Court must accept as true for purposes of screening the complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (Compl., Dkt. No. 1.) On December 1, 2019, Plaintiff was confined in Burlington County Jail, and a dentist ("John Doe Dentist") who was contracted to provide dental services to Burlington County Jail inmates began a root canal procedure on Plaintiff's two front upper teeth and one bottom molar. After drilling holes in Plaintiff's teeth, John Doe Dentist informed Plaintiff that he did not have

enough filling material to fill Plaintiff's teeth, and Plaintiff would have to schedule a follow-up appointment.  On January 10, 2020, Plaintiff complained of excessive tooth pain, and John Doe Dentist informed Plaintiff that he still did not have filling material, and the dental equipment at the jail was broken.  John Doe Dentist gave Plaintiff antibiotics and Motrin, and he used string and gauze to create temporary fillings.

Plaintiff alleges all administrative remedies at Burlington County Jail are filed with Warden Matthew Leith, who is responsible for investigating and responding to inmates' grievances.  On February 1, 2020, Plaintiff filed his first grievance about his need for  permanent fillings after his root canal.  His grievance went unanswered.  In May 2020, Plaintiff raised his concerns about his exposed nerve roots and risk of tooth infection with his criminal defense attorney.  Plaintiff's attorney requested a copy of Plaintiff's medical file from Burlington County Jail, for the purpose of making a bail motion because the jail had not provided Plaintiff with necessary dental treatment.

On June 1, 2020, John Doe Dentist refused to complete Plaintiff's root canal.  Plaintiff learned from another inmate that John Doe Dentist believed Plaintiff had sued him because Plaintiff's attorney had requested Plaintiff's medical file.  Beginning July 1, 2020, Plaintiff filed multiple grievances with Warden Leith, complaining of his tooth pain and his fear of nerve damage and infection.

In January 2021, John Doe Dentist told Plaintiff that the jail's insurance policy did not cover the work Plaintiff needed to complete the root canal.  Because

the dental equipment at the jail was damaged, there was nothing more he could do. Based on this information, Plaintiff concludes that John Doe Dentist was not qualified or even permitted to perform root canal at Burlington County Jail, but he had done so experimentally, and the equipment failed. Plaintiff filed another grievance on April 2, 2021, and he was told he would be scheduled for treatment. When his condition worsened and he had not been scheduled for treatment, Plaintiff filed another grievance on June 1, 2021. On September 1, 2021, John Doe Dentist informed Plaintiff that he would be scheduled for an outside appointment. Plaintiff was transferred to Yardville Correctional Facility on December 20, 2021. During his medical intake appointment, he was informed that his two front teeth could not be saved and must be extracted. Plaintiff's two front teeth were extracted on August 1, 2022, after he was transferred to East Jersey State Prison.

The defendants to the complaint are Warden Matthew Leith; CEO Leo Paschall of CFG Health Systems, LLC; Health Administrator Doris Yaa of CFG Health Systems, LLC; John Doe Dentist at Burlington County Jail; and Jane Doe Dental Assistant at Burlington County Jail. All defendants are sued in their individual capacities for damages and injunctive relief.

### B. First Amendment Retaliation Claims

Plaintiff asserts Warden Leith violated Plaintiff's First Amendment rights to redress and "protected speech about his confinement and treatment by CFG Health Service Administrator. Denying Plaintiff grievance retaliation." The Court liberally construes this claim to allege Warden Leith retaliated against Plaintiff for filing

4

grievances by denying his grievances. Plaintiff also brings First Amendment retaliation claims against the CEO and Health Service Administrator of CFG, Les Paschall and Doris Yaa, and against John Doe Dentist and Jane Doe Dental Assistant for violating Plaintiff's "First Amendment retaliation for freedom of speech about plaintiff's confinement and dental service, petition for grievance complaints." (Compl. ¶ 35, Dkt. No. 1.)

To state a civil rights claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The elements of a First Amendment retaliation claim are: 1) the plaintiff was engaged in constitutionally protected conduct; 2) the defendant took an "adverse action" against the plaintiff; and 3) the plaintiff's constitutionally protected conduct was a substantial or motivating factor in the adverse action. *Murray v. Smithbower*, No. 21-2156, 2023 WL 5378839, at *2 (3d Cir. Aug. 22, 2023) (citing *Carter v. McGrady*, 292 F.3d 152, 157-58 (3d Cir. 2002)).

Liberally construing the complaint, Plaintiff alleges John Doe Dentist retaliated by refusing to provide follow-up dental treatment because he believed Plaintiff had sued him after Plaintiff's defense attorney requested a copy of Plaintiff's medical records. This claim may proceed. Plaintiff has not alleged sufficient facts to state that the remaining defendants took an adverse action against him, motivated by his filing of grievances or belief that he had filed suit against John Doe Dentist. In fact, Plaintiff has not alleged any actions taken by the remaining defendants, apart

5

from Warden Leith's failure to answer his grievances.  Plaintiff's First Amendment retaliation claims against Warden Leith, Leo Paschall, Doris Yaa, and Jane Doe Dental Assistant will be dismissed without prejudice.

### C. Third Party Beneficiary Breach of Contract Claim

Plaintiff alleges Warden Leith is liable to him for breach of contract because Plaintiff is a third-party beneficiary to a contract with CFG Health Service, LLC to provide inmates with dental care.  For relief on this claim, Plaintiff explains, "breached contract negated his obligation to the jail and those confined within his facility."  The elements of a breach of contract claim under New Jersey law are:  "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Coy Sheet Metal Workers Int'l Ass'n Loc. Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 199 N.J. Super. 212, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)).  Plaintiff has not alleged that Warden Leith himself, rather than Burlington County or some other governmental entity, was a party to a contract with CFG Health Service, LLC ("CFG").  Therefore, Plaintiff has failed to state a breach of contract claim against Warden Leith.  Even construing the complaint to allege Warden Leith was party to a contract with CFG, Plaintiff's allegations are that John Doe Dentist failed to complete Plaintiff's root canal, or that CFG (which is not a named defendant) failed to provide alternative dental services.  Plaintiff has not alleged what Warden Leith did in breach of the contract.  The Court will dismiss

Plaintiff's breach of contract claim against Warden Leith without prejudice for failure to state a claim.[1]

### D. Eighth Amendment Inadequate Dental Care Claims

Plaintiff asserts that defendants violated the Eighth Amendment by failing to provide him with adequate dental care. "[T]he Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until 'after sentence and conviction.'" *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386. 392 n.6 (1989)). Plaintiff has not alleged that he was a convicted and sentenced prisoner at the time he was allegedly denied adequate dental care. For purposes of screening the complaint for dismissal, the Court will assume Plaintiff was a convicted and sentenced state prisoner. If the Court's assumption is incorrect, and the Eighth Amendment is inapplicable to Plaintiff because he was a pretrial detainee at all relevant times, he may file an amended complaint to bring his inadequate medical claims under the Due Process Clause of the Fourteenth Amendment.[2]

---

[1] Plaintiff must also allege additional facts to establish that he was an intended third party beneficiary to the alleged contract. *See also Est. of Yearby v. Middlesex Cnty.*, No. A-1974-20, 2022 WL 1714534, at *17 (N.J. Super. Ct. App. Div. May 27, 2022), *cert. denied*, 252 N.J. 263, 284 A.3d 444 (2022) (holding trial correct correctly dismissed plaintiffs' breach of contract claim because facts failed to show inmate at Middlesex County Adult Correctional Center was an intended third party beneficiary of a contract between the county and CFG Health Systems, LLC).

[2] Although Plaintiff must properly plead the applicable constitutional amendment, the analysis of the claim is the same. "In *Hubbard*, the Third Circuit clarified that the Eighth Amendment standard only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees." *Callway v. New Jersey State Police Troop A*, (quoting *Hubbard v. Taylor*, 399 F.3d at 165–67.) Nonetheless, "[i]n previous cases, the United States

7

"[P]rison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  To state a claim, a plaintiff must allege "that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Id.* (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).  A tooth infection is a serious medical need.  *See, e.g., Talbert v. Corr. Dental Assocs.*, 731 F. App'x 145, 150 (3d Cir. 2018).  "Needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment." *Id.* (citing *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003)).

Deliberate indifference is more than negligence.  *Id.* at 538.  To state a claim, a plaintiff must allege the defendant was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the defendant "also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994)).  Deliberate indifference may exist

> where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, and (4) prison authorities prevent an

---

Court of Appeals for the Third Circuit has not applied a different standard" to pretrial detainees and convicted and sentenced state prisoners who alleged inadequate medical care claims.  *Id.* at *5 (D.N.J. June 14, 2018).

> inmate from receiving recommended treatment for serious medical needs.

*Pearson*, 850 F.3d at 538 (3d Cir. 2017) (quoting *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (1987)).  A non-medical prison official is not deliberately indifferent to a prisoner's serious medical needs absent actual knowledge or reason to believe "that prison doctors or their assistants are mistreating (or not treating) a prisoner" *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  Furthermore, supervisors are not vicariously liable for the constitutional violations of their subordinates under § 1983.  *Iqbal*, 556 U.S. at 676.  Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

The complaint, viewed in the light most favorable to Plaintiff, states an Eighth Amendment claim that John Doe Dentist and Warden Leith were deliberately indifferent to Plaintiff's serious medical need by delaying completion of Plaintiff's root canal for more than a year for non-medical reasons including the failure to obtain the necessary tooth filling material,  failure to repair the jail's dental equipment, or failure to schedule Plaintiff for a dental appointment outside the jail. Plaintiff's alternative claim that John Doe Dentist performed Plaintiff's root canal negligently, and that Warden Leith is vicariously liable for John Doe Dentist's negligence, fails to state an Eighth Amendment claim.[3]  Although Plaintiff's Eighth

---

[3] If Plaintiff wishes to bring a state law malpractice claim, he must comply with the procedural requirements in the New Jersey Tort Claims Act, N.J.S.A. 59:1 *et seq.*

9

Amendment claim for delay in providing necessary medical care may proceed against John Doe Dentist; Plaintiff must identify the dentist in an amended complaint before he can be served with a summons. Moreover, if Plaintiff was a pretrial detainee rather than a convicted and sentenced prisoner during all relevant times alleged in the complaint, he may wish to file an amended complaint prior to service on Warden Leith and John Doe Dentist, to avoid dismissal of the Eighth Amendment claims. Plaintiff has not alleged the personal involvement of any other defendant in denying or delaying completion of his root canal. The Eighth Amendment claims against the remaining defendants will be dismissed without prejudice.

### E. Fourteenth Amendment Equal Protection Claims

Plaintiff asserts all defendants violated his right to equal protection under the Fourteenth Amendment by denying him dental services received by similarly-situated inmates. Under the class of one theory, "a plaintiff states a claim for violation of the Equal Protection clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). "[A]n equal-protection challenge must allege more than 'broad generalities' in identifying" similarly-situated persons. *Stradford v. Sec'y Pennsylvania Dep't of Corr.*, 53 F.4th 67, 74 (3d Cir. 2022) (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204 (11th Cir. 2007)). "Persons are similarly situated under the Equal Protection Clause

when they are alike 'in all relevant respects.'" *Stradford v. Sec'y Pennsylvania Dep't of Corr.*, 53 F.4th 67, 74 (3d Cir. 2022) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). "[T]he failure to identify similarly situated persons dooms an equal-protection claim." *Stradford v. Sec'y Pennsylvania Dep't of Corr.*, 53 F.4th 67, 74 (3d Cir. 2022) (citing *Hill*, 455 F.3d at 239) (citing *Levenstein v. Salafsky*, 414 F.3d 767, 776 (7th Cir. 2005)). In this case, it is not sufficient to allege other inmates received adequate dental services. Plaintiff has not alleged that there are similarly situated inmates who had root canals performed inside Burlington County Jail, whose root canals had to be suspended before completion, and the defendants delayed treatment of permanent fillings, despite pain and risk of infection, for non-medical reasons. Therefore, the Court will dismiss the Equal Protection claims against all defendants without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court will permit Plaintiff's Eighth Amendment inadequate medical care claims, as described above, to proceed against Warden Matthew Leith and John Doe Dentist. The remainder of the claims in the complaint will be dismissed without prejudice.

An appropriate Order follows.

 **DATE: January 29, 2024**         s/Renée Marie Bumb
                                    Renée Marie Bumb
                                    Chief United States District Judge